**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| GUSTAVO ADOLFO PIRIR BOCHE, | No.   15-71843 |
| Petitioner, | Agency No. A087-991-802 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2019[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Gustavo Adolfo Pirir-Boche, a native and citizen of Guatemala, petitions pro

se for review of the Board of Immigrations Appeals' (BIA) order dismissing his

appeal from an immigration judge's (IJ) decision denying his applications for

withholding of removal and relief under the Convention Against Torture (CAT),

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The IJ did not abuse her discretion in denying Pirir-Boche's request for a continuance. *See Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (listing factors to consider); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (explaining that the decision to grant or deny a continuance is within "the sound discretion of the judge and will not be overturned except on a showing of clear abuse" ).

The BIA did not err in its conclusion that Pirir-Boche did not establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (defining a particular social group as: "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question"). Similarly, the BIA did not err in concluding that Pirir-Boche failed to demonstrate that the violence he fears is "on account of" a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097-98 (9th Cir. 2011) (rejecting petitioner's claim because the persecution petitioner suffered was personally motivated, rather than "on account of" his membership in a particular social group). Thus, Pirir-Boche's withholding of removal claim fails.

2

Substantial evidence supports the agency's denial of CAT relief. The record does not compel the conclusion that Pirir-Boche is "more likely than not" to be tortured by or with the consent or acquiescence of the government if he returns to Guatemala. *See* 8 C.F.R. § 1208.16(c)(2); *see also Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). Thus, Pirir-Boche's CAT claim fails.

**PETITION FOR REVIEW DENIED.**